Edward E. EATON, Appellant,

v.

Richard A. KING, Substituting for Ray S. James, Director of Revenue, and Missouri Department of Revenue, Respondents.

No. 46057.

Missouri Court of Appeals, Eastern District, Division Three.

July 19, 1983.

Dana Hockensmith, Hillsboro, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, Virginia Constantz, Asst. Pros. Atty., Hillsboro, for respondents.

REINHARD, Judge.

Petitioner appeals from the trial court's order dismissing his petition for review of the order of the Department of Revenue revoking his driver's license.

On May 28, 1981, petitioner received from the Department of Revenue a notice of revocation of his driver's license for a period of one year for accumulating twelve points. § 302.304, RSMo.Supp.1982. Petitioner filed his petition for review pursuant to § 302.311, RSMo.1978.

At the hearing, respondents' case consisted of two exhibits, a certified copy of petitioner's driving record and a certified copy of a judgment in Cause No. J1–80–106–F of the Jefferson County Circuit Court. The judgment established that on March 9, 1981, petitioner entered a plea of guilty to two counts of manslaughter and was sentenced to two concurrent five year terms of imprisonment. Sentence was suspended and petitioner placed on five years probation. The sentence did not state the underlying facts of the conviction.

Petitioner presented no evidence. The trial court subsequently found the issues in favor of respondent and entered its order dismissing petitioner's petition. This appeal followed.[1]

■ Petitioner asserts that neither of the two exhibits introduced by respondents at the hearing constitute substantial evidence that petitioner committed any offense for which twelve points could be assessed against his driving record or otherwise subject him to revocation proceedings. We agree. Respondents had the burden to establish that petitioner had committed an offense or offenses entitling respondents to revoke his driver's license. *Merrigan v. Spradling,* 564 S.W.2d 615, 618 (Mo.App. 1978).

■ Respondents apparently are relying on the manslaughter conviction to support the revocation. However, there was no credible evidence connecting the manslaughter conviction to any traffic offense. The answers to interrogatories contained in the certified copy of petitioner's driving record maintained by the Department of Revenue are of no assistance to respondents. Neither can the respondents rely upon the notice of revocation mailed to petitioner by the Director of Revenue. The legislature has granted the Director of Revenue broad powers in § 302.304, RSMo. Supp.1982, to revoke and suspend driver's licenses. The legislature has also mandated and the public, as well as the individual driver, has a right to expect that in a review proceeding the Director support the revocation or suspension by competent and substantial evidence. Here, he has failed to do so and therefore this case must be reversed and remanded. *See Ellis v. State Department of Public Health and Welfare,* 365 Mo. 614, 285 S.W.2d 634, 641 (1955); *City of Rolla v. Riden,* 349 S.W.2d 255, 258 (Mo.App.1961).

Reversed and remanded.

CRANDALL, P.J., and CRIST, J., concur.

---

1. Respondents' motion to supplement the record on appeal is denied.