**Kelly CAMPBELL, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 54050.**

Missouri Court of Appeals,
Western District.

Oct. 14, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Nelson Zacharias, Special Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Appellant.

Kenneth M. Dake, Sedalia, for Respondent.

Before EDWIN H. SMITH, P.J., ULRICH, C.J., and ELLIS, J.

EDWIN H. SMITH, Presiding Judge.

The Director of Revenue, the Director, appeals the judgment of the trial court setting aside the suspension of respondent's

driving privileges for an accumulation of points pursuant to § 302.304[1]. In her sole point on appeal, the Director claims the trial court erred in setting aside the respondent's suspension in that in doing so, it erroneously applied the law, and that the judgment was against the weight of the evidence.

We affirm.

## Facts

In a written notice mailed to respondent and dated July 22, 1996, he was notified by the Director that his privileges to drive a motor vehicle in Missouri would be suspended pursuant to § 302.304 for 30 days commencing August 21, 1996. The notice indicated that his privileges were being suspended in that he had accumulated a total of nine points in the last eighteen months for three speeding convictions, specifically: (1) a conviction in Morgan County, Missouri, on August 10, 1995; (2) a conviction in South Carolina on May 23, 1996; and (3) a conviction in Iowa on June 11, 1996. The notice further advised respondent that his suspension was a final decision of the Director, and that pursuant to § 302.311, he had 30 days from July 22, 1996, to appeal it to the circuit court of his county of residence. Pursuant to this section, respondent did in fact file a timely petition in the Circuit Court of Pettis County for *de novo* review of his suspension.

A formal hearing on respondent's petition was not conducted. Rather, the cause was submitted on January 16, 1997, to the Honorable Gary W. Fleming solely on records in the "file," which are contained in the Legal File of this appeal and include, *inter alia,* copies of the speeding tickets in question and respondent's driving record. After reviewing the records submitted, the trial court on January 22, 1997, entered its "formal order" setting aside respondent's suspension. On February 13, 1997, the trial court entered its "judgment" setting aside respondent's suspension, specifically finding that it was "unable to determine a conviction from South Carolina."

This appeal follows.

## Standard of Review

Under RSMo § 302.311 (1986), appeals from circuit court decisions regarding petitions for review are 'taken as in civil cases.' Accordingly, we review the judgment of the circuit court rather than the decision of Director, and affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Silman v. Director of Revenue,* 880 S.W.2d 574, 576 (Mo.App. S.D.1994).

*Pointer v. Director of Revenue, State of Mo.,* 891 S.W.2d 876, 878 (Mo.App.1995).

## I.

In her sole point on appeal, the Director claims that the trial court erred in setting aside respondent's suspension pursuant to § 302.304 in that in doing so, it erroneously applied the law, and that the judgment was against the weight of the evidence. We disagree.

Respondent's driving privileges were suspended by the Director pursuant to § 302.304. This section provides in pertinent part: "3. The director shall suspend the license and driving privileges of any person whose driving record shows the driver has accumulated eight points in eighteen months." § 302.304.3. In this respect, the Director asserts that the respondent had three speeding convictions in the previous eighteen months totaling nine points, mandating the suspension of his driving privileges.

The three speeding convictions on which the Director relied for suspension are as follows: (1) a conviction in Morgan County, Missouri, on August 10, 1995; (2) a conviction in South Carolina on May 23, 1996; and (3) a conviction in Iowa on June 11, 1996. The assessment of points for speeding violations is governed by § 302.302.1(2). This section provides that each speeding offense in violation of state law results in an assessment of three points. § 302.02.1(2). Section 302.160 requires the assessment of points for traffic violations in other states. Thus, the

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

Director contends that the three convictions in question here totaled nine points and occurred in an eighteen-month period, requiring respondent's suspension. However, the trial court found that the evidence was insufficient to establish the conviction in South Carolina, resulting in respondent's accumulating only six points in eighteen months from the two remaining convictions, which would not require suspension. The issue then for us to decide is whether the trial court, in setting aside respondent's suspension, misapplied the law or found against the weight of the evidence, when it determined that there was not a conviction in South Carolina.

 The Director had the burden of proving or establishing the violations on which she relied to suspend respondent's driving privileges under § 302.304. *Eaton v. King*, 655 S.W.2d 800, 801 (Mo.App.1983). The dispute here arises over whether she carried that burden as to the violation in South Carolina. As to this violation, she contends that the respondent forfeited his appearance bond, which was tantamount to a conviction for the purpose of assessing points. In this respect, § 302.010(3) does define "conviction" to include a forfeiture of bail. Respondent, however, argues that the trial court was correct in finding that the Director had failed to carry her burden of proof of establishing three state speeding violations resulting in the accumulation of nine points in eighteen months, in that the evidence was insufficient for it to find that there had been a forfeiture of bail in the South Carolina case. We agree.

 The only evidence the Director presented to establish respondent's conviction by bail forfeiture in South Carolina was a copy of the uniform traffic ticket issued to him. The ticket indicates in the "Bail Deposited" box, "None." As to the "Forfeited Bond" box, there is a slash through it, which as respondent contends, does not stop there, but continues on, stopping in the "appearance" section of the ticket. Even giving the Director the benefit of the doubt as to the slash and its effect, these two entries are, obviously, in conflict with each other in that there cannot be a forfeiture of bail where no bail was ever posted. The question is how this conflict was required to be resolved by the trial court in determining whether to set aside respondent's suspension.

The answer to the question posed is rather rudimentary in that the Director had the burden of establishing by a preponderance of the evidence respondent's alleged conviction by bail forfeiture in South Carolina. Where, as here, the evidence is directly conflicting on a required element of proof and is equally susceptible to two distinct interpretations, it is not unreasonable, illogical, or an abuse of discretion for the trial court to be left unpersuaded as to the establishment of that element. Logically, in such situations, the party with the burden of proof must fail on his or her claim. Such is the case here. The trial court was simply unable to determine from the conflicting evidence whether or not a bail forfeiture did, in fact, occur as the Director asserts. Under these circumstances, we cannot convict the trial court of error as alleged by the Director.

Because she failed to properly establish the bail forfeiture in South Carolina, the Director could not show that the respondent had accumulated the required eight points within eighteen months; and therefore, she was not mandated or authorized to suspend his driving privileges pursuant to § 302.304. Thus, the trial court was correct in setting aside respondent's suspension.

Point denied.

### Conclusion

The judgment of the trial court setting aside respondent's suspension of driving privileges by the Director of Revenue under § 302.304 is affirmed.

All concur.