Jon CARLSON, Respondent,

v.

Carol Russell FISCHER, Director
of Revenue, Appellant.

No. WD 63113.

Missouri Court of Appeals,
Western District.

Nov. 30, 2004.

James A. Chenault, III, Jefferson City, MO, for appellant.

Jeffrey S. Eastman, Gladstone, MO, for respondent.

Before BRECKENRIDGE, P.J., HOWARD and SMART, JJ.

PATRICIA BRECKENRIDGE, Judge.

The Director of Revenue appeals the judgment of the trial court setting aside the suspension, under section 302.304, RSMo Cum.Supp.2003,[1] of Jon Carlson's driving privileges. Mr. Carlson's license was suspended following an alcohol-related conviction in Ohio. On appeal, the director claims that the trial court erred in setting aside the suspension of Mr. Carlson's driving privileges because Mr. Carlson failed to rebut the evidence that he was convicted of an alcohol-related offense. Because this court finds that Mr. Carlson did not meet his burden of proof, the judgment is reversed and the cause remanded to the trial court to reinstate the director's suspension of Mr. Carlson's driving privileges.

## Factual and Procedural Background

In a letter dated January 31, 2002, the director notified Mr. Carlson that his "privilege to drive a motor vehicle in Missouri will be suspended for 30 days for an accumulation of traffic convictions," effective March 4, 2002. The letter indicated that the suspension was based on eight points added to Mr. Carlson's driving record for a driving while intoxicated conviction. The director based her suspension on section 302.304, which states in subsection 3 that she "shall suspend the license and driving privileges of any person whose driving record shows the driver has accumulated eight points in eighteen months."

On March 1, 2002, Mr. Carlson filed a petition in the circuit court for review of the administrative decision, as permitted by section 302.311, RSMo 2000. In his petition for review of the administrative decision, Mr. Carlson denied that he had accumulated sufficient points or convictions to support the suspension of his driving privileges. Mr. Carlson further contested the propriety of any points assessed against him for any alleged traffic violation conviction. The circuit court held a hearing on June 12, 2003. At the hearing, the director offered the administrative record into evidence. The record consisted of Mr. Carlson's driving record, a copy of a ticket issued to Mr. Carlson from the Gahanna Mayor's Court, Franklin County, Ohio, for driving under the influence of alcohol, a sentencing entry form from the Gahanna court, and a record of conviction sent to the director from Ohio. The ticket indicated that Mr. Carlson was arrested in Ohio for driving under the influence of alcohol

---

1. All statutory references are to the Revised Statutes of Missouri Cumulative Supplement 2003, unless otherwise indicated.

on July 14, 2001. The sentencing entry form from the Gahanna court, dated November 29, 2001, and signed by defense counsel, contained a finding of "BF," which the form indicated means "bond forfeiture." The sentencing entry form also showed that Mr. Carlson was assessed a fine of "1000 including cost." Written next to the fine of "1000 including cost" appear the notations, "$708," "11/29/01," and "# 0103838." The record of conviction from the director of the Ohio Public Safety stated that Mr. Carlson was convicted on November 29, 2001, of driving under the influence of alcohol by the Gahanna court.

Mr. Carlson then introduced additional records, including a "chronological case notations" sheet from the Gahanna court, which indicated that Mr. Carlson posted bond on July 14, 2001, in the amount of $292. In addition, Mr. Carlson testified on his own behalf. Mr. Carlson admitted that he was arrested in Ohio for operating a motor vehicle while intoxicated and posted bond to secure his release. He further testified that he engaged counsel to represent him, and that counsel did represent him in all court appearances in Ohio. He also stated that he never failed to appear, never received a notice that his bond was subject to forfeiture or that it had been forfeited, he never entered a plea of guilty, and has never been found guilty of operating a motor vehicle while under the influence of alcohol. Mr. Carlson further stated that he was asked to remit an "additional $700" at some point in the proceeding, which he did. At the close of the evidence, the trial court took the matter under advisement. The trial court subsequently issued its judgment in favor of Mr. Carlson and set aside the director's proposed suspension of Mr. Carlson's driving privileges. The director filed this appeal.

## Standard of Review

Section 302.311 permits a person whose application for a driver's license is suspended to appeal the director's decision to the circuit court. The relevant portion of the statute reads:

In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court ... in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is revoked. Upon such appeal the cause shall be heard de novo and the circuit court may order the director to ... sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases.

Section 302.311, RSMo 2000.

On appeal from the circuit court's decision, this court reviews the judgment of the circuit court rather than the director's decision. *Vette v. Dir. of Revenue*, 99 S.W.3d 563, 566 (Mo.App. 2003). This court will affirm the judgment of the circuit court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* (citation omitted). This court views the evidence in the light most favorable to the judgment and defers to the trial court's resolution of factual issues. *Friedrich v. Dir. of Revenue*, 124 S.W.3d 30, 32 (Mo.App.2004). However, " '[i]f the evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment.' " *Id.* (quoting

*Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002)).

## Driver Failed to Meet His Burden of Proof

■ In her sole point on appeal, the director argues that the trial court erred in setting aside the suspension of Mr. Carlson's driving privileges because Mr. Carlson failed to meet his burden of proof to set aside the suspension. In particular, the director contends that the administrative record, which was admitted into evidence, demonstrated a *prima facie* showing of each of the statutory elements necessary to support the suspension of Mr. Carlson's driving privileges. Consequently, the director argues that the burden of production shifted back to Mr. Carlson to establish that the records were untrue or legally insufficient to support the suspension. The director claims that Mr. Carlson failed to meet this burden.

■ In *Kinzenbaw v. Director of Revenue,* the Missouri Supreme Court explained that there are two components to the burden of proof in the review of a suspension or revocation of driving privileges: "the burden of producing (or going forward with) evidence and the burden of persuasion." 62 S.W.3d 49, 53 (Mo. banc 2001). *See also Stellwagon v. Dir. of Revenue,* 91 S.W.3d 113, 115–17 (Mo. banc 2002) (applying *Kinzenbaw* burden of proof analysis to case where driver's license was revoked and driving privileges were denied under sections 302.304 and 302.060). In a case under section 302.311, "[t]he driver bears initially the burden of producing evidence that he is entitled to a license." *Kinzenbaw,* 62 S.W.3d at 54. The director may discharge the driver's initial burden of production by admitting in her answer that the driver is duly licensed. *Id.* After the driver meets the driver's initial burden, the burden then

shifts to the director to "offer the evidence she has—the administrative record." *Id.* Although the burden of production has shifted to the director at this point, the burden of persuasion has not. *Id.* The driver bears the burden of persuasion at all times. *Id.* Once the director introduces the administrative record into evidence, "it is the driver's burden to show that the facts that purport to be established by the administrative record are not true or that the grounds for suspension are unlawful, unconstitutional, or otherwise insufficient under section 536.150 to support the director's action." *Id.* at 54–55.

In this case, the director admitted in her answer that Mr. Carlson was duly licensed and, therefore, Mr. Carlson's initial burden of producing evidence that he was licensed and otherwise eligible for a license was satisfied. As a result, the burden of producing evidence, i.e., the administrative record, shifted to the director. That administrative record must make a *prima facie* showing of the facts necessary to support suspension of a license. *Stellwagon,* 91 S.W.3d at 115. In this case, the director based her suspension of Mr. Carlson's driving privileges on section 302.304.3, which requires the director to suspend the driving privileges of a driver who has accumulated eight points in eighteen months. The director found that Mr. Carlson's conviction for an alcohol-related offense in Ohio resulted in the assessment of eight points. Section 302.302.1(8).

The director could suspend Mr. Carlson's driving privileges for a valid Ohio conviction since the director is authorized to rely on convictions in other states to suspend driving privileges, if the out-of-state conviction would result in the assessment of points in Missouri. Section 302.160, RMSo 2000. In Missouri, a conviction is defined as either a final conviction or a forfeiture of bond or collateral

deposited. Section 302.010(3).[2] *See also Pryor v. David,* 436 S.W.2d 3, 5 (Mo.1969); *Campbell v. Dir. of Revenue,* 953 S.W.2d 184, 185 (Mo.App.1997).

At the hearing, the director introduced into evidence the administrative record. That record included the uniform traffic ticket issued to Mr. Carlson, showing his arrest in the City of Gahanna, Ohio, on July 14, 2001, for operating a motor vehicle under the influence of alcohol. The record also included a sentencing entry form from the Gahanna Mayor's Court in Gahanna. The sentencing entry form showed that on November 29, 2001, the Gahanna court entered a finding of "BF" (bond forfeiture) against Mr. Carlson for driving under the influence and fined him $1000, including costs. There was also a notice of conviction received by the Driver License Bureau from the Director of Ohio Public Safety, reporting Mr. Carlson's conviction in the Gahanna court on November 29, 2001, of DUI–Alcohol/Liquor. Therefore, the director met her burden by introducing records showing that Mr. Carlson was convicted of an alcohol-related offense, which in Missouri carries an eight-point penalty. Thus, the director made a *prima facie* case that Mr. Carlson was not qualified for a driver's license. *Kinzenbaw,* 62 S.W.3d at 51.

Once the director presented evidence showing that Mr. Carlson was not qualified for a driver's license, it was Mr. Carlson's burden to show that the facts on which the director relied were untrue or that the grounds for suspension were unlawful, unconstitutional, or otherwise insufficient to support the suspension of his driving privileges. *Id.* at 54–55. In response to the director's evidence, Mr. Carlson offered further documentation from Ohio, including a "chronological case notations" form, which demonstrated that he posted bond of $292. In addition, Mr. Carlson testified that after he was arrested in Ohio, he engaged counsel to represent him throughout the remainder of the process. He testified that he never failed to appear, was never notified that his bond was subject to forfeiture or was being forfeited, never entered a plea of guilty, and was never found guilty of operating a motor vehicle while intoxicated.

■ On appeal, Mr. Carlson argues the director's *prima facie* case was rebutted by his testimony that he engaged counsel to represent him after he posted bond, and that he never failed to appear, was never notified that his bond was subject to forfeiture or was being forfeited, never entered a plea of guilty, and was never found guilty of operating a motor vehicle while intoxicated. By arguing that the trial court could determine his credibility and then rely upon this evidence to rebut the director's administrative record, Mr. Carlson is challenging the proprietary of the Ohio court's action. The propriety of the Ohio court's action cannot be raised in a proceeding under section 302.311. "A driver cannot collaterally attack previous convictions in an action to challenge a driver's license being revoked or suspended." *Kayser v. Dir. of Revenue,* 22 S.W.3d 240, 243 (Mo.App.2000). Any challenge to Mr.

---

**2.** The full text of section 302.010(3) reads:

"Conviction", any final conviction; also a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction, except that when any conviction as a result of which points are assessed pursuant to section 302.302 is appealed, the term "conviction" means the original judgment of conviction for the purpose of determining the assessment of points, and the date of final judgment affirming the conviction shall be the date determining the beginning of any license suspension or revocation pursuant to section 302.304.

Carlson's Ohio conviction must be made in Ohio by appeal or other timely remedy. *Id.* at 242.

Mr. Carlson also claims the administrative record was insufficient to show that he was "convicted" of driving under the influence. Specifically, he claims that an inconsistency exists in the Ohio records because they indicate that a fine was assessed on Mr. Carlson's bond forfeiture and, therefore, the trial court was left to speculate as to what happened in Ohio. Thus, Mr. Carlson contends that the trial court did not err in setting aside the director's proposed suspension because he sustained his burden of proving that he did not sustain a conviction.

 Mr. Carlson is correct that the sentencing entry form from the Gahanna Mayor's Court references both a bond forfeiture and an assessment of a fine. The assessment of a fine would be authorized upon an adjudication of guilt, after a plea of guilty or no contest or a finding of guilty after trial. *See Matthews v. Dir. of Revenue*, 72 S.W.3d 175, 178, 179–80 (Mo. App.2002). The issue, then, is whether an inconsistency as to whether Mr. Carlson forfeited bond or was found guilty and assessed a fine proves that the facts established by the administrative record are not true or that the grounds for suspension are unlawful, unconstitutional, or otherwise insufficient under section 536.150 to support the director's action. The resolution of this issue requires the construction of the Ohio court judgment. The construction of a court judgment, like other written documents, is a question of law, not fact, which is determined on appeal *de novo*. *State ex rel. Beaird v. Del Muro*, 98 S.W.3d 902, 909 (Mo.App.2003).

Considering the records from the court in Ohio, the "chronological case notations" sheet from the Gahanna court shows that Mr. Carlson posted a $292 bond. On the sentencing entry, dated November 29, 2001, the tribunal, either the mayor or a magistrate, marked "BF" for bond forfeiture, rather than selecting the alternative printed findings of guilty, no contest, not guilty, dismissed, or nolle prosequi. The printed portion of the form does not designate any place for recording the amount of the bond being forfeited. Directly under the finding of bond forfeiture is the space for recording any fine assessed. Written on the sentencing entry form next to "fine" is "$1000 fine including costs" and, written in a different hand, are the notations "$708," "11/29/01," and "# 0103838." These entries indicate that the $292 bond that Mr. Carlson initially posted and an additional $708 were combined, so that he paid the sum of $1000. This is substantially consistent with the admission by Mr. Carlson that he paid an "additional" $700 and the fact that he does not assert that he received his bond money back.

The entries on the Ohio sentencing entry form are susceptible to two interpretations: either the $1000 was paid as a bond forfeiture or the sum was paid as a fine for an alcohol-related offense. Even if this court found that an ambiguity exists so that it is impossible to determine whether the Ohio court forfeited Mr. Carlson's bond or found him guilty and assessed a fine, the ambiguity is insufficient to rebut the director's *prima facie* case. It is not significant whether there was a bond forfeiture or an assessment of a fine because either is sufficient under Missouri law to qualify as a conviction upon which eight points can be assessed. Therefore, the evidence sufficiently demonstrates a conviction, as defined by section 302.010(3).

Mr. Carlson argues that a contrary result is required by the holding of *Campbell*, 953 S.W.2d 184. That case is distinguishable on its facts, however. In that case, the director contended that one of

the violations upon which she relied to suspend the driving privileges of Mr. Campbell was a bond forfeiture in South Carolina, "which was tantamount to a conviction for the purpose of assessing points." *Id.* at 186. The only evidence the director presented to establish Mr. Campbell's conviction by bond forfeiture was the uniform traffic ticket. The ticket indicated that no bond was deposited, but then indicated that bond was forfeited. This court found that the entries were "directly conflicting on a required element of proof and [were] equally susceptible to two distinct interpretations, [so] it [was] not unreasonable, illogical, or an abuse of discretion for the trial court to be left unpersuaded as to the establishment of that element." *Id.* The conflict in the records from South Carolina, relied upon by the director in assessing points, precluded the director from establishing that a bond forfeiture occurred, since "there cannot be a forfeiture of bail where no bail was ever posted." *Id.* In this case, the nature of the conflict in the records from Ohio does not undermine a required element of proof, i.e., that there was a conviction.

Consequently, Mr. Carlson failed to show that the administrative record on which the director relied was insufficient to support the suspension of his driving privileges. Therefore, Mr. Carlson failed to meet his burden of rebutting the director's *prima facie* case. Accordingly, the judgment is reversed and the cause is remanded to the trial court to reinstate the suspension of Mr. Carlson's driving privileges.

All concur.