William J. WEST, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. 26756.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 23, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Cheryl Caponegro Nield, Asst. Atty. Gen., Jefferson City, for appellant.

Robert E. Childress, Springfield, for respondent.

ROBERT S. BARNEY, Judge.

Appellant, Director of Revenue ("the Director"), "revoked for two years" the commercial driver's license of Respondent, William J. West ("Driver") due to Driver's conviction by an unknown court in the State of Oregon for "Driving While Suspended/Revoked or Denied...." §§ 302.700; 302.725.[1] Driver then filed a

petition for a trial *de novo* in the Circuit Court of Greene County, Missouri, pursuant to section 302.311, seeking reinstatement of his commercial driving privileges.[2]

■ On November 1, 2004, the matter was submitted to the trial court based exclusively upon the Director's records and no testimony was heard.[3] On November 5, 2004, the trial court entered judgment in favor of the Director and upheld the revocation of Driver's driving privileges. Thereafter, Driver filed a "motion to amend judgment pursuant to Rule 75.01 & 78.01." Subsequent to receiving additional arguments on Driver's pending motion, the trial court reversed its earlier decision and set aside its prior judgment. In so doing, the trial court noted in its amended, docket entry judgment that the administrative record presented by the Director's "Exhibit A, ... consists only of [Driver's] driving record ... [t]he conviction in Oregon by an unknown court, which is the reason for the suspension of [Driver's] driving privilege, has no supporting documentation other than what appears on [Driver's] Missouri driving record." The trial court concluded that "without further proof of the Oregon conviction, beyond

---

1.  Section 302.725 states

    Any person who drives a commercial motor vehicle ... while driving privileges are suspended, revoked, or canceled ... shall be guilty of a class A misdemeanor.... Upon receipt of such conviction the director shall revoke such person's privilege to drive a commercial motor vehicle for a period of two years.

    Statutory references are to RSMo 2000. All rule references are to Missouri Court Rules (2004).

2.  Section 302.311 states in pertinent part:

    In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner

    provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked. Upon such appeal the cause shall be heard de novo and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license.

3.  The record is devoid of a transcript of the proceedings. The docket entry shows the following entry: "trial held on the records of the DOR." " 'While caution should be exercised when a suspension or revocation case is submitted on the records alone, it is not prohibited.' " *Riggin v. Dir. of Revenue*, 25 S.W.3d 695, 698 (Mo.App.2000) (quoting *Tebow v. Dir. of Revenue*, 921 S.W.2d 110, 113 (Mo. App.1996)).

what appears on [Driver's] Missouri Driving Record, the Director fails to make a prima facie showing of the elements necessary to support the suspension of [Driver's] driving privilege." This appeal by the Director followed.

■ In her sole point on appeal, the Director maintains the trial court erred in reinstating Driver's commercial driving privileges. The Director argues the administrative record entered into evidence at trial made a *prima facie* showing that Driver "had an Oregon conviction for driving while suspended, revoked, or denied," and that Driver "failed to carry his burden of persuasion or present any evidence to suggest that the conviction was unlawful, unconstitutional, or otherwise insufficient to support the Director's action."

■ We review the trial court's judgment in a driver's license revocation case after a trial *de novo* pursuant to the familiar standards established by Rule 84.13(d). *Ruth v. Dir. of Revenue*, 143 S.W.3d 741, 744 (Mo.App.2004); *see also Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "This Court will affirm the trial court's judgment unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law." *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002). Generally, we view the evidence, and all reasonable inferences therefrom, in the light most favorable to the judgment and disregard all contrary evidence and

inferences. *See Carlson v. Fischer*, 149 S.W.3d 603, 605 (Mo.App.2004). "All evidentiary omissions in the record on appeal are presumed to support the trial court's decision." *Thomas v. Dir. of Revenue*, 874 S.W.2d 427, 429 (Mo.App.1994).

■ "In a case under section 302.311, 'the driver bears initially the burden of producing evidence that he is entitled to a license.'" *Carlson*, 149 S.W.3d at 606 (quoting *Kinzenbaw v. Dir. of Revenue*, 62 S.W.3d 49, 54 (Mo. banc 2001)). "The [D]irector may discharge the driver's initial burden of production by admitting in her answer that the driver is duly licensed." *Id.* "After the driver meets the initial burden, the burden then shifts to the [D]irector to 'offer the evidence.'" *Id.* This generally consists of the administrative record.[4] *Id.* "The driver bears the burden of persuasion at all times." *Id.* Once the Director has submitted the administrative record, " 'it is the driver's burden to show that the facts that purport to be established by the administrative record are not true or that the grounds for suspension are unlawful, unconstitutional, or otherwise insufficient . . . to support the [D]irector's action.'" *Id.* at 606 (quoting *Kinzenbaw*, 62 S.W.3d at 54-55).

■ "[T]he [D]irector is authorized to rely on convictions in other states to suspend driving privileges. . . ." *Carlson*, 149 S.W.3d at 606; § 302.160.[5] The Driver License Compact ("the Compact"), section 302.600, Article III, to which Missouri is a signatory, requires the licensing authority

---

4. Under Chapter 302, "Record" is defined as "includ[ing], but not being limited to, papers, documents, facsimile information, microphotographic process, electronically generated or electronically recorded information, digitized images, deposited or filed with the department of revenue." § 302.010(17).

5. Section 320.160 sets out:

When the director of revenue receives notice of a conviction in another state or from a federal court, which, if committed in this state, would result in the assessment of points, the director is authorized to assess the points and suspend or revoke the operating privilege when the accumulated points so require as provided in section 302.304.

of any state who is a party to the Compact to

report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority· of the home state of the licensee. Such report shall clearly identify the person convicted; describe the violation specifying the section of the statute, code or ordinance violated; *identify the court in which action was taken;* indicate whether a plea of guilty or not guilty was entered, or whether the conviction was a result of the forfeiture of bail, bond or other security; and shall include any special findings made in connection therewith.

§ 302.600, Art. III (emphasis added).

Here, the Director admits in her brief and shows in her submitted administrative record, that in August of 2004 Driver was a duly licensed commercial vehicle license holder; therefore, Driver met his initial burden of producing evidence he was licensed or otherwise eligible for a license. *Carlson,* 149 S.W.3d at 606. "As a result, the burden of producing evidence shifted to the [D]irector." *Id.* At this juncture, the Director had to make a *prima facie* showing of facts necessary to support the suspension or revocation of a license. In this case, the Director had to show that Driver had been convicted of operating "a commercial motor vehicle ... while [his] driving privileges [were] suspended, revoked, or canceled ..." as defined by Missouri law. § 302.725; *see also Carlson,* 149 S.W.3d at 606; *Stellwagon v. Dir. of Revenue,* 91 S.W.3d 113, 115 (Mo. banc 2002).

Here, the Director's entire evidentiary effort consisted solely of a two-page report of Driver's Missouri Driving Record. In relevant part it revealed the following entries:

**Department Actions**

**CDL Revocation For Driving Without A CDL License** effective on 8–27–2004

Eligible to reinstate on 8–27–2006, Action is **Pending** as of 7–23–2004

. . .

**Court Convictions**

**DRIVE WHILE SUS/REV/DEN** assessed **00** points

Violation on **12–12–2002** in **Commercial Vehicle**

Convicted on **2–03–2003** in **Oregon** by **UNKNOWN** court

. . .

Conviction used for evaluation on 6–26–2004

(Emphasis in original).

Our review of the case law shows there are no specific requirements as to what documentary evidence is necessary to present to the trial court in order to sustain the Director's initial burden of presenting a *prima facia* case for the revocation of Driver's commercial license based on out-of-state convictions.

We of course recognize that in *Rundquist v. Dir. of Revenue,* 62 S.W.3d 643, 645 (Mo.App.2001), driver originally filed a petition for review challenging the Director's denial of driver's application for a driver's license based on, in part, respective Kentucky and Illinois driving under the influence of alcohol ("DUI") convictions. In his petition, driver alleged the two DUI convictions "did not comply with the provisions of the [Compact] in [s]ection 302.600 ...," due to "fourteen technical defects in both conviction reports." *Id.* The *Rundquist* driver also asserted section 302.600 mandated removal of the two out-of-state convictions and resulting points from his driving record. The trial court found for driver and set aside the Director's denial of his license application, on the basis that " 'specific required information is not included,' " and ordered the

Director to remove the Kentucky DUI conviction from driver's driving record. *Id.* In reversing the trial court on the basis of its erroneous application of the law, the reviewing court determined that the language of section 302.600 was "directory" and not "mandatory," and that "no result is prescribed if a party state fails to provide *all* of the information listed in Article III, [s]ection 302.600." *Id.* at 647 (emphasis added).

It is our view, nevertheless, that by embracing the Compact via section 302.600, the Missouri General Assembly evidenced its intent that certain *minimal* information has to be provided to the Director by foreign jurisdictions before alleged violations of foreign law can be used to impact a Missouri citizen's driving privileges. We believe that to be true whether or not the foreign jurisdiction is a party to the Compact.[6] The minimal information required includes at least an identification of "the court in which the action was taken." § 302.600. It is not a stretch to say that the requirement of court identification was included in the Compact by the General Assembly so that an aggrieved driver would have only one county or one municipality to contact in order to explain or otherwise rebut the information given by the Director, i.e., to show he was not the person convicted, or he was charged but not convicted, or otherwise demonstrate informational error. In other words, it is a means by which an aggrieved driver receives reasonable notice as to why the Director has revoked a driver's operating or commercial driver's license, and by which such driver may meaningfully exercise his appeal rights accorded by section 302.311.

Here, the information proffered by the Director does not provide *any* information about which court in the State of Oregon

Driver's alleged conviction occurred. In our view, when the report does not contain that minimal information, it does not provide sufficient evidence to sustain the Director's revocation of Driver's commercial driving privileges. *Kinzenbaw,* 62 S.W.3d at 54. Point denied.

The judgment of the trial court is affirmed.

SHRUM, P.J., and GARRISON, J., concur.