**Robert E. SCHNITZER, Jr., Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

No. ED 92638.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 20, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 2009.

Mitchell D. Johnson, St. Ann, MO, for appellant.

James A. Chenault, III, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Robert Schnitzer appeals the Circuit Court of St. Louis County's judgment finding proper the Director of Revenue's assessment of points and suspension of his driver's license. Schnitzer claims that Director failed to carry her burden of proving he was convicted of an offense in Wyoming, which, if committed in Missouri, would result in the assessment of points against his driver's license. We affirm.

### Factual and Procedural Background

On December 20, 2007, the Department of Revenue notified Schnitzer that it had assessed eight points against his driver's license for an out-of-state driving while intoxicated conviction and was therefore suspending his license for thirty days pursuant to Section 302.304.3.[1] Mo.Rev.Stat. § 302.304 (2000). Schnitzer filed a petition to review the suspension of his driver's license in the Circuit Court of St. Louis County.

At the hearing on Schnitzer's petition to review, Director offered into evidence copies of Schnitzer's loss of driving privileges notice from the Missouri Department of Revenue, the Wyoming Department of Transportation's report of Schnitzer's conviction for "driving while under the influence of alcohol in the state of Wyoming," and Schnitzer's Missouri driver record. Schnitzer offered into evidence a copy of Wyoming's driving under the influence (DUI) statute and the judgment entered

against him by the Circuit Court of Sublette County, Wyoming for "DUI, misdemeanor, W.S. § 31–5–233(b)." Neither party adduced any testimony at the hearing.

On August 12, 2008, the traffic commissioner denied Schnitzer's petition to review and found proper the assessment of eight points against Schnitzer's driver's license. Schnitzer then filed a motion for rehearing. On January 6, 2009, the trial court entered an order denying Schnitzer's motion for rehearing and adopting the commissioner's findings and recommendations. Schnitzer appeals.

### Standard of Review

We will affirm the trial court's judgment affirming the suspension of a driver's license unless the decision is against the weight of the evidence, there is no substantial evidence to support it, or the decision erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence in the light most favorable to the judgment and defer to the trial court's resolution of factual issues. *Miller v. Dir. of Revenue*, 268 S.W.3d 407, 409 (Mo.App. W.D.2008).

### Discussion

Section 302.505 requires the director to suspend or revoke a driver's license if the driver "was arrested upon probable cause to believe such person was driving a motor vehicle" while intoxicated. Mo.Rev.Stat. § 302.505.1. The administrative penalty for a first-time driving while intoxicated conviction is the assessment of eight points, and the director must suspend for thirty

---

1. Section 302.304.3 provides: "The director shall suspend the license and driving privileges of any person whose driving record shows the driver has accumulated eight points in eighteen months." Mo.Rev.Stat. § 302.304.3.

days the license and driving privileges of any person whose driving record accumulates eight points in eighteen months. Mo. Rev.Stat. §§ 302.302.1(8), 302.304.1(3). Pursuant to Section 302.160, the director may assess points and suspend or revoke an individual's driving privileges based on notice of an out-of-state conviction for an offense that, if committed in Missouri, would result in the assessment of points. Mo.Rev.Stat. § 302.160.

■ Section 302.311 provides that a driver whose license is suspended or revoked may appeal the director's action to the circuit court. Mo.Rev.Stat. § 302.311. In such an appeal, the burden of persuasion, as distinct from the burden of production, remains at all times with the driver. *Kinzenbaw v. Dir. of Revenue*, 62 S.W.3d 49, 54 (Mo. banc 2001). The driver also bears the initial burden of producing evidence that he is qualified for a driver's license. *Id.* Once the driver meets this initial burden, the burden of production shifts to the director to establish by a preponderance of the evidence that the driver is not entitled to a license. *Id.* To carry her burden of proof, the director must make a prima facie showing of each of the statutory elements necessary to support the license suspension. *Bowers v. Dir. of Revenue*, 193 S.W.3d 887, 890 (Mo. App. S.D.2006). The burden of production then shifts back to the driver to establish that the facts relied on by the director are untrue or are legally insufficient to support the suspension of his driving privileges. *Stellwagon v. Dir. of Revenue*, 91 S.W.3d 113, 115 (Mo. banc 2002).

■ Schnitzer claims the trial court erred in sustaining the suspension of his

driver's license because Director failed to carry her burden of establishing a prima facie case that he was not entitled to his driver's license because he was convicted of an offense in Wyoming that, if committed in Missouri, would result in the assessment of points. There are no specific requirements describing the type of documentary evidence the director must present to the trial court in order to sustain her burden of presenting a *prima facie* case for the suspension of a driver's license based on an out-of-state conviction. *West v. Dir. of Revenue*, 184 S.W.3d 578, 581 (Mo.App. S.D.2006). Nonetheless, "certain *minimal* information has to be provided to the Director by foreign jurisdictions before alleged violations of foreign law can be used to impact a Missouri citizen's driving privileges." *Id.* at 582 (emphasis in original).

■ In the instant case, Director based the suspension of Schnitzer's license upon notice that Schnitzer was convicted of violating Section 31–5–233(b) of the Wyoming Statutes Annotated, which provides that "[n]o person shall drive or have actual physical control of any vehicle within this state" if the person is under the influence of alcohol or a controlled substance. Wyo. Stat. Ann. § 31–5–233(b) (2009). As Schnitzer correctly points out, Wyoming's DUI statute is broader than Missouri's because, in addition to prohibiting "driving" while under the influence of alcohol, it prohibits "hav[ing] actual physical control" of a vehicle while under the influence. Wyo. Stat. Ann. § 31–5–233(b). Missouri courts have held that being in actual physical control of a vehicle does not constitute "driving" for purposes of Missouri's driving while intoxicated laws.[2] *Cox v. Dir. of*

---

2. When considering license suspension and revocation cases under § 302.505.1., we apply the definition of "driving" set forth in Section 577.001.1, the analogous criminal

driving while intoxicated statute, which defines the term to mean "physically driving or operating a motor vehicle." Mo.Rev.Stat. § 577.001.1. Prior to 1996, Section 577.001.1

*Revenue,* 98 S.W.3d 548, 550 (Mo. banc 2003). Given that the Wyoming statute under which Schnitzer was convicted covers two distinct offenses, only one of which is prohibited by Missouri's driving while intoxicated law, Director was required to establish that Schnitzer was convicted of driving, not merely having physical control of, a vehicle while intoxicated. *See Smith v. Dir. of Revenue,* 77 S.W.3d 120, 123 (Mo.App. W.D.2002) (holding that proof that the person was driving or operating the vehicle is essential to the director's prima facie case in support of a license suspension).

■ Director presented competent and substantial evidence that Schnitzer was convicted of driving, rather than being in actual physical control of, a vehicle while intoxicated. The report of Schnitzer's out-of-state conviction from the Wyoming Department of Transportation reads, "Convicted of driving while under the influence of alcohol in the state of Wyoming on 11/13/2007 at the Sublette County Circuit Court as a result of a guilty plea." This notice establishes that Schnitzer was convicted of driving while intoxicated as prohibited by Section 302.505.1, and was therefore sufficient to make a prima facie case necessary to support the suspension of Schnitzer's license.

Schnitzer argues that "the evidence presented is equally susceptible to two distinct interpretations" because the Wyoming DUI statute prohibits driving as well

as having actual physical control of a vehicle while under the influence of alcohol. However, the Supreme Court of Wyoming has made clear that Wyo. Stat. Ann. § 31–5–233 "defines two different offenses, 'driving a vehicle' while intoxicated and 'having actual physical control of a vehicle' while intoxicated." *Adams v. State,* 697 P.2d 622, 625 (Wyo.1985). Thus, a defendant charged under § 31–5–233 is either charged with driving *or* as in, *Adams,* with being in "actual physical control" while under the influence.

Schnitzer relies on *Campbell v. Dir. of Revenue* to support his argument that Director failed to make her prima facie case because the evidence she presented is susceptible to two interpretations. 953 S.W.2d 184, 186 (Mo.App. W.D.1997). The facts in *Campbell* are distinguishable. There, the Western District affirmed the trial court's order setting aside the suspension of the driver's license because the director failed to prove that the driver was convicted of an out-of-state speeding offense. *Campbell,* 953 S.W.2d at 186. Specifically, the director presented insufficient proof that the driver was convicted by bail forfeiture because the traffic ticket indicated both that no bail was posted and that the bond was forfeited. *Id.* Unlike the evidence in *Campbell,* the evidence in the instant case is neither contradictory nor susceptible to two distinct interpretations because the report of Schnitzer's out-of-state conviction from the Wyoming Department of Transportation clearly indi-

included in its definition of "driving" the act of "being in actual physical control of a motor vehicle." Mo.Rev.Stat. § 577.001.1 (1994); *Cox v. Dir. of Revenue,* 98 S.W.3d 548, 550 (Mo. banc 2003). Courts have interpreted the phrase "actual physical control" to encompass situations in which "even though the machine merely stands motionless, a person keeps the vehicle in restraint or is in a posi-

tion to regulate its movement." *Cox,* 98 S.W.3d at 550, quoting *State v. O'Toole,* 673 S.W.2d 25, 27 (Mo. banc 1984). Importantly, in 1996, the Legislature omitted "being in actual physical control" of a vehicle from the statutory definition of "driving," thereby narrowing the scope of Missouri's driving while intoxicated statutes. *Id.*

cates that Schnitzer was *driving* under the influence.[3]

There is nothing in the record to suggest that Wyoming's report of out-of-state conviction for driving while under the influence of alcohol denotes a conviction for having actual physical control of a vehicle while under the influence. Under the circumstances here, where the report expressly stated that the driver was "driving under the influence" there is sufficient evidence to establish the statutory element of driving for purposes of a prima facie case supporting a license suspension or revocation.

■ Once Director satisfied her burden of producing evidence to support the suspension of Schnitzer's license, the burden of "going forward then shifted back" to Schnitzer, who offered no contrary evidence. *See Stellwagon,* 91 S.W.3d at 116. The trial court did not err in sustaining Schnitzer's suspension of driving privileges because Schnitzer failed to carry his burden of persuading the trial court that the facts upon which Director relied in suspending his license were untrue or were legally insufficient to support the suspension of his license. *See Thomas v. Dir. of Revenue,* 74 S.W.3d 276, 281 (Mo.App. E.D.2002).

***Conclusion***

The judgment of the circuit court is affirmed.

SHERRI B. SULLIVAN, P.J., and ROBERT G. DOWD, JR., J., concur.

---

**3.** The case at bar is similarly distinguishable from other cases relied upon by Schnitzer because the evidence in those cases contained deficiencies not present here. *See West,* 184 S.W.3d at 582 (holding that the director did not meet her burden of proof because the documentary evidence did not indicate what out-of-state court entered the conviction upon which the director based the license suspension); *Schrimpf v. Dir. of Revenue,* 889 S.W.2d 171, 175 (Mo.App. W.D.1994) (holding that, in the absence of evidence as to the type of vehicle and roadway involved in the driver's out-of-state speeding conviction, the director could not demonstrate that points should have been assessed against the driver's license); *Callahan v. Dir. of Revenue,* 878 S.W.2d 826, 827 (Mo.App. E.D.1993) (holding that the director failed to show the driver was convicted of any offense in the state of Georgia because the notice of conviction was illegible).