PAUL J. SIMON, J., and ROBERT G. DOWD, JR., J., Concur.

Robert L. CLARE, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. ED 79447.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 15, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, Asst. Atty. Gen., Jefferson City, MO, for Appellant.

Joseph L. Racine, Kirkwood, MO, for Respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

The Director of Revenue (Director) appeals from the circuit court's judgment setting aside the Director's ten-year denial of Robert Clare's driving privileges. We reverse and remand.

According to Clare, on June 25, 1999, he "was operating an automobile in an intoxicated condition" when he "turned left into the path of an oncoming vehicle occupied by three persons." The three people in the oncoming vehicle and a passenger in Clare's vehicle "sustained minor injuries." Clare was charged with four counts of the class C felony, assault in the second degree, section 565.060.[1] Clare states "[o]n September 11, 2000, he was convicted in

that cause, CR199–2851F, on all four counts after having previously pled guilty to those charges."

The Director notified Clare that pursuant to section 302.060 his driving privileges would be denied for ten years for being convicted more than twice for offenses relating to driving while intoxicated.[2] Clare filed a petition for judicial review in the circuit court challenging the ten-year denial of his driving privileges.[3] Clare argued that he had not been convicted more than twice for offenses related to driving while intoxicated. The case was assigned to a traffic commissioner who sustained the Director's actions. The commissioner found that the ten-year denial of Clare's driving privileges was valid because Clare was "convicted of four counts of assault vehicular injury." Clare filed a motion for hearing by a judge, arguing that "[c]ounts within a cause that arise from the same incident were not intended by the legislature to be grounds for a ten year revocation." The circuit court granted Clare's motion. The court found that for purposes of license suspension there was only one conviction arising from the incident of June 25, 1999. The court ordered that the ten-year denial of Clare's driving privileges be removed from his driver's record and that his license be reinstated if otherwise eligible. Director appeals from this judgment.

Director argues in its sole point on appeal that the circuit court erred in removing the ten-year denial and ordering the reinstatement of Clare's driving privileges. Director contends that Clare is subject to

---

1. All statutory references are to RSMo.2000.

2. The Director's notice states that the denial of driving privileges resulted from three "assault vehicular injury convictions," all dated September 11, 2000. In his brief, Clare states he pleaded guilty to "four counts of vehicular assault-driving while intoxicated."

3. The Director also notified Clare that pursuant to section 302.304 his driving privileges would be revoked for one year for an accumulation of traffic convictions. Clare did not challenge this revocation.

the ten-year "ban" under section 302.060(9) because he was convicted more than twice of offenses related to driving while intoxicated.

◾ We review the court's judgment under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), and will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Beckerman v. Director of Revenue*, 34 S.W.3d 413, 414 (Mo.App. E.D.2000).

Section 302.060(9) provides:

The director shall not issue any license and shall immediately deny any driving privilege:

... (9)

To any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction.

◾ We note that where a phrase or term is specially defined by statute, the definition is binding on the court and must be given effect. *Matthews v. City of Jennings*, 978 S.W.2d 12, 15 (Mo.App. E.D. 1998). Section 302.010 provides in part:

**Definitions.**—Except where otherwise provided, when used in this chapter, the following words and phrases mean:

...

(3) **"Conviction"**, any final conviction; also a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction, except that when any conviction as a result of which points are assessed pursuant to section 302.302 is appealed, the term "conviction" means the original judgment of conviction for the purpose of determining the assessment of points, and the date of final judgment affirming the conviction shall be the date determining the beginning of any license suspension or revocation pursuant to section 302.304.

Here, the statutory definition does not resolve the issue of whether a person who pleaded guilty to more than two counts of violations of state law relating to driving while intoxicated that resulted from one incident is subject to the provisions of section 302.060(9).[4]

◾ The primary rule of statutory construction is to ascertain the intent of the legislature by giving words used in the statute their plain and ordinary meaning. *American Healthcare Management, Inc. v. Director of Revenue*, 984 S.W.2d 496, 498 (Mo. banc 1999). If the "statutory language is clear, unambiguous, and admits of only one meaning, there is no room for construction and the legislature is presumed to have intended what the statute says." *Corvera Abatement Technologies, Inc. v. Air Conservation Comm'n*, 973 S.W.2d 851, 858 (Mo. banc 1998).

◾ Conviction is defined as "[t]he act or process of judicially finding someone guilty of a crime; the state of having been

---

**4.** This is not a case where imposition of sentence was suspended. *See Yale v. City of Independence*, 846 S.W.2d 193, 194–95 (Mo. banc 1993).

proved guilty." Black's Law Dictionary 335 (7th ed.1999). The verb convict is defined as "[t]o find (a person) guilty of a criminal offense either upon a criminal trial, a plea of guilty, or a plea of nolo contendere (no contest)." *Id.* In addition, the Missouri Supreme Court has stated that where "collateral punitive consequences may attach, a 'conviction' is not established, nor is a person deemed 'convicted,' unless it is shown that a judgment has been pronounced upon the verdict." *Yale,* 846 S.W.2d at 194. Clare pleaded guilty to four counts of second degree assault. It is uncontested that these four counts were related to driving while intoxicated. The four separate documents titled "RECORD OF CONVICTION" show that Clare was sentenced to seven years, execution suspended, five years probation and ninety days "shock," for each count.[5] Under the definitions set forth above, Clare was convicted more than twice of violations of state law relating to driving while intoxicated.

Both parties discuss section 558.016.3. This section defines a persistent offender for purposes of sentencing as "one who has pleaded guilty to or has been found guilty of two or more felonies *committed at different times.*" (Emphasis added); *see also* section 558.016.5 (defining a persistent misdemeanor offender and using "committed at different times language"). Relying on section 558.016, Clare argued in the court below that under Missouri law, convictions as intended by the legislature are defined as being committed at different times. Clare then asserted that "[c]ounts within a cause that arise from the same incident were not intended by the legislature to be grounds for a ten year revoca-

tion." But analysis of the statutes leads to a contrary conclusion. The inclusion of the "committed at different times" language in section 558.016 shows the legislature's awareness of the difference between convictions and convictions committed at different times. *See Yale,* 846 S.W.2d at 194–95 (discussing whether disposition of suspended imposition of sentence constitutes a conviction). If the legislature intended section 302.060(9) to only apply to violations committed at different times, as provided in section 558.016, then it could have included such language in section 302.060(9). The legislature chose not to do so. Clare is subject to the provisions of section 302.060(9).

The judgment is reversed and the cause remanded with directions to reinstate the Director's ten-year denial of Clare's driving privileges.

PAUL J. SIMON, J., and ROBERT G. DOWD, JR., J., Concur.

---

**5.** "When a court suspends the execution of sentence, only the act of executing the sentence has been suspended; a criminal conviction has been entered and the sentence has been assessed." *Taylor v. State,* 25 S.W.3d 632, 633 (Mo.App. E.D.2000). But where imposition of the sentence is suspended there is not a final judgment. *Yale,* 846 S.W.2d at 194–95.