Andrew TIMKO, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 80864.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 24, 2002.

Frank A. Rodman, Cape Girardeau, MO, for appellant.

Clayton R. Wright, Clayton, MO, for respondent.

MARY R. RUSSELL, Presiding Judge.

The Director of Revenue ("Director") appeals from the trial court's judgment reinstating the driving privileges of Andrew Timko ("Driver"). Director asserts that the trial court erred because, pursuant to section 302.060 RSMo 2000,[1] Driver's privileges were properly denied for 10 years based on Driver's four convictions resulting from the same instance of Driver driving while intoxicated. We reverse and remand.

Driver entered four felony guilty pleas on February 16, 2001, for crimes arising out of one occasion of driving while intoxicated on February 19, 2000. Driver pleaded guilty to three counts of involuntary manslaughter, in violation of section 565.024, and one count of second degree assault from a vehicular injury, in violation of section 565.060. Director thereafter notified Driver that his license was being suspended for 10 years, and Driver filed a petition for review of his license revocation in the circuit court.[2] Driver claimed his

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

2. The letter to Driver from Director indicates that the denial of his license resulted from the following convictions: involuntary man-

privileges should not be revoked for three reasons. Driver argued, despite pleading guilty, that his license should not have been revoked because he was not legally arrested, no evidence existed that he was driving while intoxicated, and he was not convicted more than twice for offenses related to driving while intoxicated.[3] The circuit court, without stating the basis for its decision, ordered Director to set aside the revocation of Driver's license and to reinstate his license.[4]

Director appeals the trial court's order to reinstate Driver's privileges. In her point on appeal, she argues that the trial court erred in reinstating Driver's privileges because they were properly denied pursuant to section 302.060 based on Driver's four convictions resulting from crimes committed while Driver was driving while intoxicated.[5]

■ We will affirm the trial court's judgment unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Ray v. Dir. of Revenue*, 59 S.W.3d 554, 555 (Mo.App.2001).

Section 302.060 provides in pertinent part:

The director shall not issue any license and shall immediately deny any driving privileges:

. . . .

(9) To any person who has been convicted more than twice of violating state law . . . relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court . . . and the court shall review the person's habits and conduct since such conviction.

In *Clare v. Director of Revenue*, 64 S.W.3d 877 (Mo.App.2002), this court directly addressed the argument raised by Director.[6] The driver in *Clare* pleaded guilty to four counts of felony assault in the second degree, and it was uncontested that the crimes occurred while he was driving while intoxicated. *Id.* at 880. Director notified the driver that his driving privileges would be denied for 10 years pursuant to section 302.060 for being convicted of more than two offenses related to driving while intoxicated. *Id.* at 878.

The driver challenged the 10–year denial of his privileges in the circuit court by arguing that he had not been convicted more than twice for offenses relating to driving while intoxicated. *Id.* He claimed

---

slaughter-DWI-felony; assault vehicular injury-felony; and involuntary manslaughter-DWI-felony. It is unclear why the other manslaughter conviction does not appear; however, section 302.060 only requires two driving while intoxicated convictions for a 10–year minimum revocation.

3. A guilty plea, however, generally waives all non-jurisdictional defects. *Estes v. State*, 950 S.W.2d 539, 541 (Mo.App.1997).

4. Because Driver's guilty plea waived his claims that he was not legally arrested and

that no evidence existed that he was driving while intoxicated, however, we do not address the merits of those claims on appeal and only address the argument presented by Director.

5. Driver's motion for an extension of time to file a respondent's brief was granted, but Driver did not subsequently file a brief on appeal.

6. The circuit court's judgment was entered on October 30, 2001. *Clare* was decided on January 15, 2002.

134 ■

that because the counts against him arose from the same incident, the legislature did not intend them to be grounds for a 10–year revocation. *Id.* The circuit court granted the driver's motion, and Director appealed to this court. *Id.*

Director argued on appeal that the 10–year denial of driving privileges in section 302.060(9) applied to the driver because he was convicted more than twice of offenses related to driving while intoxicated. *Clare,* 64 S.W.3d at 878. After analyzing the plain meaning of section 302.060 and comparing it with another criminal statute, we concluded: "If the legislature intended section 302.060(9) to only apply to violations committed at different times, as provided in section 558.016, then it could have included such language in section 302.060(9). The legislature chose not to do so. [The driver] is subject to the provisions of section 302.060(9)." *Clare,* 64 S.W.3d at 880.

■ Based on *Clare,* we conclude that Driver's privileges were properly revoked for 10 years pursuant to section 302.060 following his four convictions for driving while intoxicated. The judgment of the trial court is reversed, and the cause is remanded with instructions to reinstate Director's 10–year denial of Driver's driving privileges.

CLIFFORD H. AHRENS, J., and JAMES R. DOWD, J., concur.