**Justin Wayne AKINS, Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

No. SC 90181.

Supreme Court of Missouri, En Banc.

Feb. 23, 2010.

Kevin C. Roberts, Michelle St. Germain, Breeze, Roberts, Ponder–Bates, Wooten & Zimmer, LLC, Hillsboro, for appellant.

Chris Koster, Attorney General, James R. Layton, State Solicitor, Charles L. Gooch, Special Assistant Attorney General, for respondent.

RICHARD B. TEITELMAN, Judge.

Justin Akins appeals a judgment affirming the denial of driving privileges for 10 years pursuant to section 302.060(9), RSMo Supp.2008. The judgment is affirmed.

## FACTS

The facts of this case are not in dispute. On July 20, 2006, Akins was driving while intoxicated. He collided with another vehicle and injured three people. Akins pleaded guilty to three separate counts of second degree vehicular assault. The three convictions were consolidated into one criminal case number. The director of revenue denied Akins' driving privileges because Akins had been "convicted more than twice for offenses relating to driving while intoxicated" pursuant to section 302.060(9).

The circuit court affirmed the director's denial of Akins' driving privileges. Akins asserts that the trial court erred because his three convictions of vehicular assault arose out of one incident and, therefore, should be considered one conviction under section 302.060(9).

## ANALYSIS

### I. Standard of Review

Resolution of this case depends on the interpretation of section 302.060(9). This is a legal question of statutory interpretation that is reviewed de novo. *Junior College Dist. of St. Louis v. City of St. Louis,* 149 S.W.3d 442, 446 (Mo. banc 2004).

### II. Section 302.060(9)

Section 302.060(9) requires the director to deny driving privileges for 10 years "to any person who has been convicted more than twice for offenses relating to driving while intoxicated." The term "convicted" is not defined in section 302.060(9). In section 302.010(3), however, the term "conviction" is defined as:

any final conviction; also a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction, except that when any conviction as a result of which points are assessed pursuant to section 302.302 is appealed, the term "conviction" means the original judgment of conviction for the purpose of determining the assessment of points, and the date of final judgment affirming the conviction shall be the date determining the beginning of any license suspension or revocation pursuant to section 302.304.

The statutory definition of "conviction" does not resolve the issue in this case because it relies on the word "conviction" as part of the definition. *See Clare v. Director of Revenue*, 64 S.W.3d 877, 879 (Mo.App.2002).

▮ Absent a statutory definition, the primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute. *State ex rel. White Family Partnership v. Roldan*, 271 S.W.3d 569, 572 (Mo. banc 2008). A court will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result. *Spradlin v. City of Fulton*, 982 S.W.2d 255, 258 (Mo. banc 1998).

A "conviction" is "the act of proving, finding, or adjudging a person guilty of an offense or crime...." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE 499 (3d ed.1993).[1] "Like-

wise, the word "convict" means "to find or declare guilty of an offense or crime by the verdict or decision of a court or other authority...." *Id.*; WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 499.[2] The definitive concept expressed in the words "conviction" and "convict" is that there has been a judicial determination that the defendant is guilty of an offense or crime. What matters is the number of convictions, not the number of separate incidents resulting in convictions. Consequently, the phrase "has been convicted" as used in section 302.060(9) refers to the number of offenses or crimes committed irrespective of the number of separate incidents resulting in convictions. *Clare*, 64 S.W.3d at 879–880.[3]

This conclusion further is supported by the language employed in section 558.016.3 and section 558.016.5. Section 558.016.3 defines a persistent offender for purposes of sentencing as "one who has pleaded guilty to or has been found guilty of two or more felonies *committed at different times*." (Emphasis added). Similarly, section 558.016.5 defines a persistent misdemeanor offender as "one who has pleaded guilty to or been found guilty of two or more class A or B misdemeanors, *committed at different times* ...." (Emphasis added). The inclusion of the "committed at different times" language in section 558.016 demonstrates the legislature's awareness of the difference between convictions and convictions for offenses committed at different times. *Clare*, 64 S.W.3d at 880. "If the legislature intend-

---

1. *See also* BLACK'S LAW DICTIONARY 335 (7th ed.1999) (defining "conviction" as "[t]he act or process of judicially finding someone guilty of a crime" and as "[t]he judgment (as by a jury verdict) that a person is guilty of a crime.").

2. *See also* BLACK'S LAW DICTIONARY at 335 (the verb "convict" means "[t]o find (a person) guilty of a criminal offense either upon a

criminal trial, a plea of guilty, or a plea of nolo contendere (no contest).").

3. The rationale in *Clare* also was used in *Timko v. Director of Revenue*, 86 S.W.3d 132, 133 (Mo.App.2002), in which the court affirmed the 10–year denial of driving privileges based on four felony convictions resulting from one motor vehicle accident.

ed section 302.060(9) to only apply to violations committed at different times, as provided in section 558.016, then it could have included such language in section 302.060(9)." *Id.*

Akins has three convictions for violating state law relating to driving while intoxicated. Pursuant to section 302.060(9), Akins has been "convicted more than twice for offenses relating to driving while intoxicated." The circuit court did not err in affirming the director's denial of Akins' driving privileges.

This Court must acknowledge the contrary result reached in *Harper v. Director of Revenue*, 118 S.W.3d 195 (Mo.App.2003). In *Harper*, the court concluded that section 302.060(9) applies only to those whose convictions resulted from multiple drunken driving incidents, regardless of the number of criminal charges resulting from each incident. *Id.* at 202. The conclusion in *Harper* was premised on two related propositions. Neither is persuasive.

The first proposition in *Harper* is that section 302.060(9) is ambiguous because the word "conviction" may "in a general sense" also refer to the "final consummation of the prosecution including the judgment or sentence, or as is frequently the case, the judgment or sentence itself." *Id.* at 201 (citing BLACK'S LAW DICTIONARY 333–34 (6th ed.1990)). Under this definition, the driver in *Harper* could have one conviction because the prosecution resulted in one judgment of conviction. *Id.* at 202. The word "conviction" may, in a general sense, refer to a judgment or sentence, but that judgment or sentence necessarily will be based on one or more convictions on the offenses charged. As discussed above, the definitive concept of the word "conviction" is a judicial determination that the defendant is guilty of an offense or crime. Under the rationale employed in *Harper*, the application of section 302.060(9) is conditioned on the circuit court's administrative decision to enter separate judgments on each conviction or to consolidate the convictions into one judgment. There is nothing in the plain language of the statute that supports such a result.

The second proposition in *Harper* is that the perceived ambiguity in section 302.060(9) should be resolved by interpreting the statute in manner consistent with the legislative purpose. The court reasoned that applying the statute to situations involving multiple convictions in a single accident would lead to "absurd results inconsistent with the legislative purpose" of protecting the public from those who repeatedly drink and then drive. *Id.* at 202. Specifically, the court noted that under the interpretation adopted in *Clare*, a one-time offender could have driving privileges denied because of one incident resulting in multiple violations of state law relating to driving while intoxicated, while a repeat offender could continue to drive even after multiple incidents, provided that only one offense was charged in each incident. *Id.*

The second proposition in *Harper* is not persuasive because even if, as is likely the case, the purpose of section 302.060(9) is to deter repeated drunken driving, that purpose is fulfilled by applying the plain language of the statute. There is nothing absurd or illogical about applying the plain language of section 302.060(9) in a case involving multiple convictions in one drunken driving incident. The prospect of a 10–year denial of driving privileges serves as a substantial deterrent to all drivers, particularly to those who already have been convicted of an offense related to driving while intoxicated. When, as in this case, the decision to drive while intoxicated results in more than two convictions, the 10–year denial of driving privileges required by section 302.060(9) reduces the possibility that the driver will become a

repeat offender. The plain language of section 302.060(9) reflects a clear legislative determination that consequences matter. *Harper* is overruled.[4]

### CONCLUSION

The stipulated facts of this case establish that Akins pleaded guilty to three counts of second degree vehicular assault arising from one motor vehicle accident that occurred while Akins was driving while intoxicated. Under the plain language of section 302.060(9), Akins "has been convicted more than twice of violations of state law relating to driving while intoxicated." The circuit court determined correctly that section 302.060(9) applies and that the director properly denied Akins' driving privileges for ten years. The judgment is affirmed.

All concur.

---

[4] There is some confusion among the bench and bar as to whether opinions issued by a district of the court of appeals are binding on circuit courts situated within geographical boundaries of a particular district of the court of appeals. Article V, section 1 of the Missouri Constitution provides that "[t]he judicial power of the state shall be vested in a supreme court, a court of appeals consisting of districts as prescribed by law, and circuit courts." Article V, section 1 establishes one court of appeals for the entire state of Missouri. Article V, section 13 of the Missouri Constitution provides, in pertinent part, that the court of appeals "shall be organized into separate districts, the number, not less than three, geographical boundaries, and territorial jurisdiction of which shall be prescribed by law." The southern, western and eastern districts of the court of appeals established pursuant to article V, section 13 are not separate courts but simply different districts of a unitary court of appeals. There is no provision in the Missouri Constitution requiring a circuit court to follow a decision from a particular district of the court of appeals.