

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| MICHELLE PETERMAN, | ) | ED107000 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | 18SL-AC08130 |
| | ) | |
| DIRECTOR OR REVENUE, | ) | |
| STATE OF MISSOURI, | ) | Honorable Richard M. Stewart |
| | ) | |
| Respondent. | ) | Filed: May 21, 2019 |

## OPINION

Michelle Peterman ("Peterman") appeals the judgment of the circuit court of St. Louis County sustaining the order of the Director of Revenue for the State of Missouri ("Director") denying her driving privileges for five years and revoking her driving license for one year. We affirm.

### Background

The Director denied Peterman's driving privileges under Section 302.060.1(10)[1] for a period of five years due to her two convictions on February 15, 2018, for driving while intoxicated ("DWI"). The Director also revoked Peterman's driving privileges for a period of one year under Sections 302.302.1(9) and 302.304.7, after she accumulated twelve points for her

---

[1] All statutory references are to RSMo. (cum. supp. 2018), unless otherwise indicated.

second DWI conviction. Peterman filed a Petition for Review in the circuit court under Section 302.311, seeking reinstatement of her driving privileges.

At the trial de novo on Peterman's Petition, the Director submitted Exhibit A, Peterman's certified Driving Record prepared by the Department of Revenue. The Driving Record listed for the basis of its actions denying and revoking Peterman's driving privileges two DWI convictions in the 21st Circuit Court of St. Louis County dated February 15, 2018: one stemming from a DWI violation on September 24, 2011, and the other from a DWI violation on November 10, 2012. The driving record indicated the Director assessed Peterman 8 points for the first February 15, 2018, conviction resulting from the September 2011 DWI, and it assessed Peterman 12 points for the second February 15, 2018, conviction resulting from the November 2012 DWI. Peterman did not object to the admissibility of Exhibit A, but she argued the driving record was merely a summary of information and was not by itself sufficient to establish she had two DWI convictions. The trial court denied Peterman's request for relief and sustained the Director's five-year denial and one-year revocation of Peterman's driving privileges. This appeal follows.

<u>Standard of Review</u>

We will affirm the judgment of the trial court after a bench trial unless it is not supported by substantial evidence, it is against the weight of the evidence, or the court erroneously declared or applied the law. *See White v. Dir. of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010). When, however, a party raises a question of statutory interpretation on appeal, this is an issue of law that we review de novo. *See Akins v. Dir. of Revenue*, 303 S.W.3d 563, 564 (Mo. banc 2010).

<u>Point I</u>

In her first point on appeal, Peterman argues the trial court erred in sustaining the Director's order revoking her driver's license for one year under Section 302.304 because the Director failed to produce sufficient evidence establishing Peterman's underlying DWI convictions, in that the Director failed to produce an original judgment of conviction, as was necessary to meet the Director's burden. We disagree.

Section 302.304.7 provides that "[t]he director shall revoke the license and driving privilege of any person when the person's driving record shows such person has accumulated twelve points in twelve months." Likewise, the director is tasked with assessing points for various driving violations, in accordance with the statute, and Section 302.302.1(9) provides that the director shall assess 12 points after a conviction "[f]or the second or subsequent conviction of … driving while in an intoxicated condition." Thereafter, any person aggrieved by a decision of the Director may file a petition for a trial de novo before the circuit court. *See* Section 302.311.

At a trial de novo challenging a decision by the Director, there is a three-part burden shifting scheme. The driver has the initial burden of showing he or she is entitled to a driver's license; once the driver meets this initial burden, the burden of production switches to the Director to establish by a preponderance of the evidence that the driver is not qualified for driving privileges; and, finally, the burden shifts back to the driver to establish the facts relied on by the director are untrue or legally insufficient. *Kinzenbaw v. Dir. of Revenue*, 62 S.W.3d 49, 54 (Mo. banc 2001); *Schnitzer v. Dir. of Revenue*, 297 S.W.3d 604, 607 (Mo. App. E.D. 2009). The Director typically offers the administrative record to meet his burden. *See Kinzenbaw*, 62 S.W.3d at 54; *West v. Dir. of Revenue*, 184 S.W.3d 578, 580 (Mo. App. S.D. 2006). Accordingly, here the Director had the burden to establish by a preponderance of the evidence

that Peterman had two DWI convictions for which she was assessed 12 points in her driving record. *See* Sections 302.302.1(9) and 302.304.7.

At the trial de novo, the Director submitted Peterman's Driving Record as his sole exhibit. Peterman's Driving Record included a section entitled Court Convictions, which listed two convictions: (1) ID#01: a conviction for DWI dated February 15, 2018, in the 21st Circuit Court-Clayton, in St. Louis County, from a violation dated September 24, 2011, in a non-commercial vehicle, for which Peterman was assessed 08 points; and (2) ID#02: a conviction for DWI dated February 15, 2018, in the 21st Circuit Court-Clayton, in St. Louis County, from a violation dated November 10, 2012, in a non-commercial vehicle, for which Peterman was assessed 12 points. Peterman argues that although the Driving Record was admissible, it did not meet the Director's burden of proof, in that it was insufficient to establish the underlying convictions because the Driving Record was not an original judgment of conviction, as required under Section 302.010(3), and because the Driving Record did not demonstrate the points were assessed after Peterman's convictions.

Section 302.010(3) defines conviction as: "any final conviction; … except that when any conviction as a result of which points are assessed pursuant to section 302.302 is appealed, the term 'conviction' means the original judgment of conviction for the purpose of determining the assessment of points, and the date of final judgment affirming the conviction shall be the date determining the beginning of any license suspension or revocation pursuant to section 302.304." Peterman argues this statute requires the Director to submit an original judgment of conviction to meet its burden of proof for a point revocation, raising a question of statutory interpretation, which we consider de novo. *Akins*, 303 S.W.3d at 564.

The principal rule of statutory interpretation is to give effect to the legislative intent as reflected in the plain language of the statute at issue. *Id.* at 565. In determining legislative intent, we consider the context in which the language is used and the "problem the legislature sought to address with the statute's enactment." *Wilson v. Dir. of Revenue*, 873 S.W.2d 328, 329 (Mo. App. E.D. 1994).

The purpose of chapter 302 is to establish an administrative framework for the suspension or revocation of drivers' licenses. *See McMillin v. Dir. of Revenue*, 520 S.W.3d 513, 516 (Mo. App. W.D. 2017). As part of this framework, the question of when to begin running the suspension or revocation when the driver appeals from the underlying conviction would frequently arise. To answer this question, Section 302.010(3) clarifies that when a driver appeals from any conviction that could result in the assessment of points under Section 302.302, the date on which the points are assessed is the "original judgment of conviction," while the date on which the suspension or revocation begins is the date of the "final judgment affirming the conviction." To read Section 302.010(3) as a requirement that the Director produce "the original judgment of conviction" in order to meet its prima facie case, as Peterman suggests, takes this term out of context and does not consider the problem the statute sought to address, which is to clarify when to begin the license suspension or revocation in the event of an appeal from the underlying conviction. Peterman did not appeal from her two DWI convictions on February 15, 2018, and thus the portion of Section 302.010(3) that provides guidance on how to proceed in the event of an appeal is not applicable. The trial court did not err in finding the Director met his burden to prove Peterman had two DWI convictions, even though the Director did not produce an original judgment of conviction.

Moreover, Peterman's argument that the Director did not show it assessed points "after" her convictions fails. The Director is not authorized under Section 302.302.1 to assess points until the driver has been convicted of a driving violation, and thus the assessment of points necessarily occurs after the conviction. If Peterman intends to argue the plausibility that the Director assessed points before her convictions, such an argument strains credulity. Moreover, the record is sufficiently clear that the Director assessed points after Peterman's two convictions. The Driving Record listed the date of Peterman's two court convictions for driving while intoxicated as February 15, 2018, and it likewise listed the date of its Department Action imposing a point revocation under 302.304 as April 3, 2018, which is after February 15, 2018.

Point I is denied.

## Point II

In her second point on appeal, Peterman argues the trial court erred in sustaining the Director's order denying her driving privileges for five years under Section 302.060 because the Director's Driving Record was not sufficient to prove Peterman's underlying DWI convictions. We disagree.

Section 302.060.1(10) provides that "[t]he director shall not issue any license and shall immediately deny any driving privilege … to any person who has been convicted twice within a five-year period of … driving while intoxicated." Again, in a trial de novo under Section 302.311 before the circuit court on a driver's challenge to the Director's decision revoking or denying driving privileges, once the driver meets her initial burden of showing she is entitled to a driver's license, the burden falls to the Director to offer evidence establishing each statutory element necessary to support the revocation or denial on the grounds alleged. *See Schnitzer*, 297 S.W.3d at 607; *Brinker v. Dir. of Revenue*, 363 S.W.3d 377, 380 (Mo. App. E.D. 2012). There is

no "presumption of validity of the director's evidence" and the mere admission of evidence does not necessarily satisfy the Director's burden of proof. *See White*, 321 S.W.3d at 304, 307; *see also Stellwagon v. Dir. of Revenue*, 91 S.W.3d 113, 115 (Mo. banc 2002) (administrative record is sufficient to meet director's burden of proof only when it contains facts needed to support each statutory element). Then, after the State's burden is met, "it is the driver's burden to show that the facts that purport to be established by the administrative record are not true or that the grounds for the suspension are unlawful, unconstitutional, or otherwise insufficient." *See Kinzenbaw*, 62 S.W.3d at 54-55; *Schnitzer*, 297 S.W.3d at 607.

To meet its burden here, the Director had to offer evidence, based on the administrative record or otherwise, that Peterman had been convicted twice within a five-year period of driving while intoxicated for the trial court to sustain the Director's action under Section 302.060.1(10). During the trial, the Director submitted only Peterman's Driving Record, which contained an agency-produced summary of her court convictions. Specifically, the Driving Record listed as "ID#01," Peterman's DWI conviction dated February 15, 2018, in the 21st Circuit Court-Clayton, in St. Louis County, for the violation dated September 24, 2011, which had a Microfilm/Court Report ID of 18057T00068; and as "ID#02," Peterman's DWI conviction dated February 15, 2018, in the 21st Circuit Court-Clayton, in St. Louis County, for the violation dated November 10, 2012, which had a Microfilm/Court Report ID of 18058T00090. Peterman argues that this summary prepared by the Director or his employees, while admissible under Section 302.312, was insufficient by itself prove her underlying DWI convictions, but rather, the Director should also produce a copy of the convictions or court records upon which it based its summary.

Peterman cites to no case law, nor have we discovered any, holding either that the administrative record must contain a copy of the conviction or court records, or that a certified

7

Driving Record alone is insufficient to prove the existence of the underlying court convictions, when they are listed with sufficient specificity. Rather, the Supreme Court of Missouri in *Stellwagon v. Director of Revenue* held that the Director's administrative record was sufficient to meet its prima facie burden under 302.060 even though the administrative record did not include a copy of the driver's underlying court convictions. 91 S.W. at 114, 116 (administrative record included driving record, Director's letters of revocation, and two uniform complaint and summons forms that reflected driver's DWI convictions).

Similarly, courts have held that "there are no specific requirements as to what documentary evidence is necessary to present to the trial court in order to sustain the Director's initial burden of presenting a prima facie case for the revocation of a Driver's" driving privileges, so long as "certain minimal information" is provided. *See West*, 184 S.W.3d at 581-82 (discussing sufficiency of records for out-of-state driving convictions). The Director must produce information from which an aggrieved driver would have reasonable notice for the basis of the Director's action and, accordingly, have the ability to appeal from or rebut any inaccuracies in that basis. *See id.* at 582 (holding evidence contained in driving record, which listed the court that issued the conviction as "unknown," was insufficient to place driver on notice of basis of Director's action). We presume the necessity for specificity stems from the third part of the burden-shifting analysis, where, after the director makes its prima facie case, the burden of proof shifts back to the driver to establish that the facts relied on by the director are untrue or are legally insufficient to support the suspension of driving privileges. *See Schnitzer*, 297 S.W.3d at 607.

Here, the Director produced evidence showing the date of Peterman's two convictions, the court in which she was convicted, the date of the underlying violations leading to the

convictions, and the Microfilm/Court Report ID numbers. This was sufficient information to give Peterman notice of the basis for the Director's actions, and would allow her to rebut any inaccuracies or appeal from the underlying convictions when the burden of proof shifted back to her. Furthermore, not only was this information theoretically sufficient to give Peterman notice, the record shows that she was in fact aware of the basis for the Director's actions in denying her driving privileges, and she conceded the accuracy of her two convictions.[2] Rather, her challenge is only to the form of the evidence, arguing the Director should be required to produce a copy of the convictions upon which it based its summary. Under the circumstances here, this argument fails.

The trial court did not err in sustaining the Director's order denying Peterman's driving privileges for five years under Section 302.060, because the Director produced sufficient evidence showing that Peterman had received two DWI convictions within a five-year period.

## Conclusion

The judgment of the trial court is affirmed.

_____
Robin Ransom, J.

Sherri B. Sullivan, P.J., and
James M. Dowd, J., concur.

---

[2] Peterman admitted at trial that she had two prior DWI convictions. Specifically, when asked if she was "the same Michelle Peterman that has lost her license as a result of two convictions for driving while intoxicated," she replied, "yes." And again, when asked if she had received DWIs on November 10, 2012, and September 24, 2011, she responded, "yes." However, Peterman asserts on appeal that the trial court "specifically agreed not to consider" these admissions in determining whether the Director had produced sufficient evidence supporting its decision to revoke her driving privileges. While the record could be much clearer, we believe it is a fair interpretation that the trial court understood Peterman's request and agreed that "[i]f the Court denies Count I and proceeds on Count II, the Court will separate the two." Thus, our holding here is not based on Peterman's admissions; rather, we find the Director's summary of Peterman's convictions prepared for the Driving Record (which included the dates of her DWI convictions, the court in which she was convicted, and the dates of her underlying DWI violations) was sufficient evidence from which the trial court could find the Director proved every necessary statutory element of his case.

9