

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

| | | |
|---|---|---|
| JAMES HIXSON, | ) | No. ED108289 |
| | ) | |
| Petitioner/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | |
| | ) | |
| MISSOURI STATE HIGHWAY | ) | Honorable John R. Lasater |
| PATROL and ST. LOUIS COUNTY | ) | |
| CHIEF OF POLICE JON M. BELMAR, | ) | |
| | ) | |
| Respondents/Respondents. | ) | Filed: November 10, 2020 |

## Introduction

James Hixson (Appellant) appeals from the judgment dismissing his petition for removal from Missouri's sex offender registry under the Missouri Sex Offender Registration Act, Section 589.401 (SORA). We affirm.

## Factual and Procedural Background

In 1999, Appellant, then 41 years old, pleaded guilty to one count of aggravated criminal sexual abuse in the Circuit Court of Cook County, Illinois. Pursuant to Illinois law, Appellant was required to register with Illinois's sexual offender registry for a period of 10 years.

After his conviction, Appellant moved to St. Louis County, Missouri. Appellant timely registered as a sex offender under SORA. At that time, SORA required that he, like all sex offenders regardless of offense, remain on Missouri's registry for his lifetime. In 2009, Appellant

1

received a letter from the Illinois State Police Sex Offender Registration Unit notifying him that he was no longer required to register in Illinois and that all records pertaining to his registration were removed from their public website and related databases.

In 2018, Missouri amended SORA. The amendments divided sex offenders into tiers based on the severity of their offenses. The amendments required only those in tier III, the most severe offenders, to register for their lifetimes (unless the tier III offense was adjudicated delinquent because the offender was a juvenile), and imposed lesser registration periods on tiers I and II offenders. See Sections 589.400, *et seq*. The amendments also provided a mechanism for tiers I and II offenders to be removed from the registry. See Sections 589.400.10 and 589.401.

Appellant filed a petition for removal from Missouri's registry on the ground that his offense was adjudicated in Illinois and he had already been removed from Illinois's registry. St. Louis County Chief of Police Jon Belmar (Respondent) sought to dismiss the petition on the ground that Appellant was a tier III offender under SORA and was therefore not eligible for removal but required to remain on Missouri's registry for his lifetime. The trial court granted Respondent's motion to dismiss. This appeal follows.

<u>Discussion</u>

The question on appeal is whether an adult tier III offender, whose offense was adjudicated in another state and who has been removed from that state's registry, may petition under SORA for removal from Missouri's registry. This is a question of statutory interpretation that we review *de novo*. <u>Dixon v. Mo. State Highway Patrol</u>, 583 S.W.3d 521, 523 (Mo. App. W.D. 2019) (citation omitted).

SORA went into effect on January 1, 1995. <u>Doe v. Phillips</u>, 194 S.W.3d 833, 839 (Mo. banc 2006). SORA was created to protect children from "violence at the hands of sex offenders"

and "to respond to the known danger of recidivism among sex offenders." Id. To achieve its goals, SORA subjected individuals convicted of committing specified sexual offenses to registration and notification requirements. Id. As noted above, until recently, "SORA treated all sexual offenses the same and imposed on all offenders a lifetime registration requirement, with limited exceptions." Bacon v. Mo. State Highway Patrol, 602 S.W.3d 245, 247 (Mo. App. E.D. 2020).

On August 28, 2018, the Missouri General Assembly amended SORA to distinguish between offenses based on their severity. The 2018 amendments divide sexual offenders into three tiers based upon the severity of their offenses. Id. Tier I contains the 15 least serious offenses, requires annual check-ins to law enforcement, and allows offenders to petition for removal from the registry after 10 years. Id. See also Sections 589.401.4(1) and 589.414.5. Tier II covers 13 offenses and certain repeat offenders, requires semiannual check-ins, and allows offenders to petition for removal from the registry after 25 years. Bacon, 602 S.W.3d at 247. See also Sections 589.401.4(2) and 589.414.6. Finally, tier III covers the 36 most serious offenses, requires check-ins every 90 days, and requires lifetime registration (unless the offender committed the offense as a juvenile). Bacon, 602 S.W.3d at 247. See also Sections 589.401.4(3) and 589.414.7.

The amendments align SORA more closely with the federal Sex Offender Registration Notification Act (SORNA).[1] As noted above, to account for the fact that newly classified tiers I

---

[1] 34 U.S.C. § 20901 et seq. SORNA "imposes an independent, federally mandated registration requirement" on individuals who meet the federal definition of a "sex offender." Doe v. Toelke, 389 S.W.3d 165, 167 (Mo. banc 2012). The Missouri Supreme Court has held that offenders required to register under SORNA will be required to lifelong registration under SORA, because Section 589.400.1(7) requires registration of anyone who "has been" required to register under SORNA. Id. See also Wilkerson v. State, 533 S.W.3d 755, 760 (Mo. App. W.D. 2017).

and II offenders no longer are required to remain on the registry for their lifetimes, SORA allows those offenders to seek removal under Section 589.400.10:

> Any person currently on the sexual offender registry for having been adjudicated for a tier I or II offense or adjudicated delinquent for a tier III offense or other comparable offenses listed under section 589.414 may file a petition under section 589.401.

Section 589.400.10.

The mechanism for seeking removal is set forth in Section 589.401. Subsection 589.401.1 describes how an offender whose adjudication was in Missouri may file his petition. Subsection 589.401.2 applies to offenders who adjudicated their offense in another jurisdiction. The provision states:

> A person who is required to register in this state because of an offense that was adjudicated in another jurisdiction shall file his or her petition for removal according to the laws of the state, territory, tribal, or military jurisdiction, the District of Columbia, or foreign country in which his or her offense was adjudicated. Upon the grant of the petition for removal in the jurisdiction where the offense was adjudicated, such judgment may be registered in this state by sending the information required under subsection 5 of this section as well as one authenticated copy of the order granting removal from the sexual offender registry in the jurisdiction where the offense was adjudicated to the court in the county or city not within a county in which the offender is required to register. On receipt of a request for registration removal, the registering court shall cause the order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form. The petitioner shall be responsible for costs associated with filing the petition.

Section 589.401.2.

Consistent with subsection 589.400.10, subsection 589.401.3 expressly prohibits adult tier III offenders from petitioning for removal. The provision states:

> A person required to register as a tier III offender shall not file a petition under this section unless the requirement to register results from a juvenile adjudication.

4

Section 589.401.3. The remainder of Section 589.401 sets out other requirements for petitioning for removal.

"Any time a court is called upon to apply a statute, the primary obligation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." Dixon, 583 S.W.3d at 523-24, quoting State ex rel. Hillman v. Beger, 566 S.W.3d 600, 604-05 (Mo. banc 2019). "This Court interprets statutes in a way that is not hypertechnical but instead is reasonable and logical and gives meaning to the statute and the legislature's intent as reflected in the plain language of the statute at issue." Id. at 524, quoting IBM Corp. v. Dir. of Revenue, 491 S.W.3d 535, 538 (Mo. banc 2016).

We "look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result." Akins v. Dir. of Revenue, 303 S.W.3d 563, 565 (Mo. banc 2010). Additionally, "[n]o portion of a statute is read in isolation, but rather is read in context to the entire statute, harmonizing all provisions." Util. Serv. Co. v. Dept. of Labor & Indus. Relations, 331 S.W.3d 654, 658 (Mo. banc 2011).

The plain language of subsections 589.400.10 and 589.401.3 expressly prohibit an adult tier III offender from petitioning for removal under Section 589.401. There is no dispute that Appellant is an adult tier III offender under SORA, but he argues that because his offense was adjudicated in Illinois, he is allowed to use the order removing him from Illinois's registry to seek removal from Missouri's registry under the plain language of subsection 589.401.2. Nothing in the plain language of subsection 589.401.2 states that filing a foreign judgment alone guarantees removal from Missouri's registry. Instead, subsection 589.401.2 merely lays out the

procedure for foreign offenders who satisfy SORA's other removal requirements to seek removal in their original filing state and then properly file their foreign judgment in Missouri.

Appellant suggests that in order to "honor" or give "full faith and credit" to Illinois's order removing him from whatever *Illinois* registries he was on, we *must* upon registration of that foreign judgment automatically remove him from the registries he is on in *Missouri*. This is a total misapprehension of the way sex offender registries work. Because Appellant resides in Missouri, Appellant's registration requirements are governed by SORA, not by whether he is subject to registration under Illinois law. Appellant's argument also misreads the plain language of subsection 589.401.2. That provision requires that the court "shall" register a foreign judgment; it does not require that the court "shall" remove anyone with such a foreign judgment from the registry. And it plainly requires that an offender must still include all requirements listed in subsection 589.401.5 alongside their foreign judgment. Subsection 589.401.5 requires information such as the tier of the offense, the date of the offense, the offender's personal information, and information surrounding the offender's original order and registration. Thus, nothing in the plain language of subsection 589.401.2 indicates a foreign judgment removing an offender from another state's registry alone is sufficient.

Moreover, contrary to Appellant's argument that subsections 2 and 3 of Section 589.401 conflict and must be resolved in his favor, the subsections are harmonious and naturally read together. This is in line with Missouri Supreme Court precedent, which states "[t]he provisions of a legislative act must be construed and considered together and, if possible, all provisions must be harmonized and every clause given some meaning." Dickemann v. Costco Wholesale Corp., 550 S.W.3d 65, 68 (Mo. banc 2018), citing Wollard v. City of Kan. City, 831 S.W.2d 200, 203 (Mo. banc 1992). Reading the subsections together, it is clear that an offender registering a

foreign judgment is still subject to SORA's recently enacted tier system. Section 589.400.10 plainly states that only tier I, tier II and adjudicated delinquent tier III offenders can petition for removal under Section 589.401. Subsection 589.401.3 plainly prohibits adult tier III offenders from petitioning for removal under "this section," meaning all of Section 589.401. Subsection 589.401.2 simply provides instructions for those tier I and tier II offenders whose adjudication was in another state.

Contrary to Appellant's argument, reading Section 589.401 this way and subjecting foreign offenders to the tier system does not "effectively delete" subsection 589.401.2. Instead, it puts foreign offenders on level ground with all other sex offenders in Missouri. Foreign offenders can still register their foreign judgment and seek removal, but only after the amount of time the Missouri General Assembly has deemed sufficient to protect children and avoid recidivism.

The Missouri General Assembly amended SORA in 2018 in an effort to distinguish between offenses based upon their severity, and determined that to protect the children of this State the most severe offenders (tier III) cannot be removed and must remain on the registry for their lifetimes. Bacon, 602 S.W.3d at 250. Reading subsection 589.401.3 as Appellant suggests would allow the most severe offenders – who have chosen to live here and subject themselves to Missouri law – to bypass Missouri's tier system because they were adjudicated in another state, which would be an absurd and unreasonable result contrary to the purpose of SORA. State ex rel. Hillman v. Beger, 566 S.W.3d 600, 608 (Mo. banc 2019) ("The construction of a statutory scheme should avoid unreasonable or absurd results."). The purposes of protecting children of this State and responding to the dangers of recidivism by sex offenders who live in this State are

not served by distinguishing between tier III offenders based on where their offense was adjudicated.

For all the reasons discussed above, Appellant's point on appeal is denied.

<u>Conclusion</u>

The judgment of the trial court is affirmed.

_____
SHERRI B. SULLIVAN, J.

Robin Ransom, P.J., and
Lisa P. Page, J., concur.

8