

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| DAVID T. LENAU, | ) | No. ED111606 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | 22JE -CC00863 |
| | ) | |
| | ) | Honorable Katherine M. Senkel |
| DIRECTOR OF REVENUE, | ) | |
| | ) | |
| Respondent. | ) | FILED: April 23, 2024 |

Opinion

After the Director of Revenue (DOR) notified David T. Lenau (Driver) that his three intoxication-related driving convictions resulted in a ten-year denial of his driving privileges under section 302.060.1(9),[1] Driver filed his petition for review of DOR's decision in the circuit court.

At trial, the court admitted into evidence Driver's certified driving record and then sustained DOR's decision revoking Driver's driving privileges for ten years because Driver had at least three intoxication-related convictions on his record. In his sufficiency-of-the-evidence challenge here, Driver alleges that the information on his record regarding certain North Carolina intoxication-related convictions upon which DOR based its denial decision, are insufficient in

---

[1] All section references are to RSMo (Cum. Supp. 2019), unless otherwise indicated.

that they did not identify the specific county court in which those North Carolina convictions occurred. DOR argues that the information in Driver's record regarding the North Carolina convictions, from which Driver could have readily identified their origins, was sufficient evidence to support the trial court's judgment. We agree and affirm.

Background

In 2022, pursuant to section 302.060.1(9), DOR revoked Driver's driving privileges for ten years because he had incurred at least three intoxication-related driving convictions. Driver petitioned the circuit court for review. On March 2, 2023, the trial court held a trial *de novo*. At trial, DOR introduced Driver's certified driving record, as the sole evidence of his convictions. The driving record included the following: (1) a driving-while-intoxicated (DWI) conviction in Potosi County, Missouri (2) a DWI conviction in St. Louis Circuit Court, and (3) multiple DWI convictions from North Carolina district courts, with each such entry specifically stating: "Driving While Intoxicated" and "Convicted on [date] in North Carolina by DISTRICT court." In addition to the date of the conviction, each North Carolina entry included the date of the violation, an offense code and a Microfilm/Court Report ID number.[2] Driver argued that the information on the North Carolina cases was insufficiently specific to constitute a "conviction" under the statute such that DOR had proved only *two* convictions, the two from Missouri, which were insufficient to warrant the denial of his driving privileges inasmuch as the statute requires at least *three*. The trial court disagreed and sustained DOR's ten-year revocation of Driver's license. This appeal follows.

---

[2] The Court Report ID number appears to be a case number.

Standard of Review

We review the trial court's judgment following its *de novo* review of DOR's decision to revoke driving privileges under the standard for bench trials set forth in *Murphy v. Carron*, 563 S.W.2d 30, 32 (Mo. banc 1976). *Peterman v. Dir. of Revenue*, 579 S.W.3d 268, 271 (Mo. App. E.D. 2019) (citing *White v. Dir. of Revenue*, 321 S.W.3d 298, 307–08 (Mo. banc 2010)). We will affirm the trial court's judgment "unless it is not supported by substantial evidence, it is against the weight of the evidence, or the trial court erroneously declared or applied the law." *Id.* (citing *White*, 321 S.W.3d at 307–08). Upon review of a license revocation case, we will accept as true "all evidence and inferences in favor of the prevailing party and disregard contrary evidence." *Collier v. Dir. of Revenue*, 603 S.W.3d 714, 716 (Mo. App. W.D. 2020) (quoting *Whitworth v. Dir. of Revenue*, 207 S.W.3d 623, 624 (Mo. App. E.D. 2006)). However, we review *de novo* any questions of law such as statutory interpretation. *Peterman*, 579 S.W.3d at 271 (citing *Akins v. Dir. of Revenue*, 303 S.W.3d 563, 564 (Mo. banc 2010)); *see also Ekstam v. Dir. of Revenue*, 614 S.W.3d 1, 3 (Mo. App. E.D. 2020) (citing *Roesing v. Dir. of Revenue*, 573 S.W.3d 634, 637 (Mo. banc 2019)).

Discussion

In his sole point on appeal, Driver contends the trial court erred in sustaining DOR's denial of his driving privileges as DOR's evidence was insufficient because DOR proved only *two* convictions when *three* convictions are required. Since Driver makes no claim with respect to the validity of the two Missouri convictions, the question becomes whether DOR sustained its burden with respect to at least one of the North Carolina convictions on Driver's record.

Driver claims that none of the North Carolina DWI convictions on his driving record satisfy DOR's burden because they fail to identify the specific court in which the convictions occurred. Driver's argument is based on Article III of the Driver License Compact, section

302.600, RSMo (2016), (the Compact), which requires that a driving record "shall clearly . . . identify the court" in which the conviction occurred. Specifically, Driver maintains that the Compact requires that the court where the conviction occurred be identifiable by name and location such that his driving record's mere denomination of the North Carolina "district" court was insufficient to satisfy DOR's burden to adduce evidence of a prior DWI conviction. We disagree and hold that for purposes of section 302.060.1(9), Driver's driving record sufficiently detailed those North Carolina convictions to support the judgment. *See Ekstam*, 614 S.W.3d at 3.

Section 302.060.1(9) authorizes DOR to deny driving privileges to individuals that have more than two intoxication-related convictions. DOR may utilize out-of-state convictions to suspend driving privileges. *West v. Dir. of Revenue*, 184 S.W.3d 578, 580 (Mo. App. S.D. 2006). Evidence adduced by DOR is not presumptively valid. *White*, 321 S.W.3d at 307. DOR may satisfy its burden under section 302.060.1(9) by introducing into evidence the driver's certified driving record pursuant to Section 302.312.1, RSMo (2016). *Peterman*, 579 S.W.3d at 273 (noting a certified driving record may be sufficient to prove the existence of the underlying court convictions, provided the record contains sufficient specificity); *see also Kinzenbaw v. Dir. Of Revenue*, 62 S.W.3d 49, 54–55 (Mo. banc 2001).

In a trial *de novo* challenging a DOR denial, Missouri courts apply a three-part test: (1) the driver must show that he is duly licensed; (2) DOR must prove by a preponderance of the evidence that the driver is not entitled to a license; and (3) the driver may rebut DOR's evidence by demonstrating that DOR failed to satisfy its burden. *West*, 184 S.W.3d at 580 (internal quotation omitted); *see also Peterman*, 579 S.W.3d at 273 (internal quotations omitted).

Turning now to the record here, only the second and third prongs of the three-part test outlined in *West* are at issue inasmuch as the parties do not dispute that Driver was duly licensed.

4

As for the second prong—whether or not Driver was entitled to a license—we conclude that Driver's certified driving record satisfied DOR's evidentiary burden to prove that Driver was not entitled to a license. That record demonstrated that Driver had two DWI convictions in Missouri and multiple North Carolina DWI convictions. Driver makes no claim with respect to the two Missouri convictions so the only issue for our determination is whether at least one of the North Carolina convictions was sufficiently specific to support the decision.

To answer that question, we turn again to Article III of the Compact to determine how much detail is required and whether Driver's record had sufficient detail. As relevant here, Article III required that the report of Driver's North Carolina convictions "identify the court in which" each conviction occurred.

At the outset of our analysis, we note that this Court has held that the court location requirement stated in Article III is **directory,** not **mandatory** because while the legislature required certain information, it did not prescribe the consequences for failure to comply with the statute's directive. *Rundquist v. Dir. of Revenue*, 62 S.W.3d 643, 646 (Mo. App. E.D. 2001). Thus, in *Rundquist* we reversed the trial court's judgment setting aside DOR's revocation of Rundquist's license based on the trial court's erroneous conclusion that DOR was required to *strictly* comply with Article III's language. *Id.* at 647.

Instead, "by embracing the Compact via section 302.600, the Missouri legislature evidenced its intent that certain **minimal** information has to be provided to the Director by foreign jurisdictions before alleged violations of foreign law can be used to impact a Missouri citizen's driving privileges." *West*, 184 S.W.3d at 582. "The minimal information required includes at least an identification of the court in which the action was taken." *Id.* (quoting section 302.600) (affirming the trial court's judgment that a driver's record that failed to provide

5

*any identifying* information about the out-of-state court in which the alleged conviction occurred was insufficient to sustain the revocation of driving privileges).

Consequently, we disagree with Driver's assertion that to satisfy the location requirement means naming the specific county court location. To require the specific county court location would be more than *minimal* information as such specificity would mandate providing *complete* information, which the Compact and Missouri caselaw do not require. Indeed, "there are no specific requirements as to what documentary evidence is necessary to present to the trial court in order to sustain [DOR's] initial burden of presenting a prima facie case for the revocation of a [d]river's driving privileges, so long as "certain minimal information" is provided.'" *Peterman*, 579 S.W.3d at 273–74 (quoting *West*, 184 S.W.3d at 581–82).

The facts before us are analogous to those in *Peterman*. There, the information for each conviction included (1) the name of the court, (2) the circuit's numerical denomination (3) the date of the conviction, (4) the date of the underlying offenses, and (5) a Mircofilm/Court Report ID number. *Id*. at 273. In *Peterman* we held that this level of specificity was sufficient to give the driver notice of the basis for DOR's actions and satisfied DOR's burden to prove that the driver had incurred those convictions

Similarly, the North Carolina entries on Driver's record listed (1) the date of the conviction, (2) the date of the offense, (3) the offense code, (4) that the conviction occurred in a North Carolina district court, and (5) a Microfilm/Court Report ID number. We conclude in light of *Peterman,* that DOR's evidence of Driver's North Carolina convictions was sufficient. *See id.*

By contrast, in *West*, the court found that a driving record that merely stated a conviction had occurred in an "unknown" court in Oregon was insufficient to sustain the revocation. *West*,

6

184 S.W.3d at 582. The *West* court found it significant that the information contained in the driving record failed to provide Driver sufficient information from which to challenge the accuracy of the alleged conviction. *Id.*

That is not the case here. Driver's driving record contains ample information pertaining to the out-of-state convictions to satisfy the minimal requirements of the law. It specifies the charge, the offense code, the manner of adjudication, the state name, Microfilm/Court Report ID, the date of offense, the date of adjudication, and the division of the court. In keeping with the findings in *Peterman* and *West* that only "minimal information" about an out-of-state conviction is required for purposes of impacting driving privileges, we are persuaded that the information included in Driver's driving record identified the North Carolina DWI convictions with sufficient specificity to allow Driver to rebut the accuracy of such convictions had he chosen to do so. *See Peterman*, 579 S.W.3d at 273–74 (quoting *West*, 184 S.W.3d at 581–82). There was no presumption that DOR's evidence was valid, yet Driver failed to adduce any evidence challenging the accuracy or validity of the out-of-state convictions presented by DOR. *White*, 321 S.W.3d 298 at 307. Therefore, we find that this evidence was sufficient to support the denial of Driver's license and that the trial court properly found that DOR had met its burden. The point on appeal is denied.

### Conclusion

For the reasons set forth above, the judgment of the trial court is affirmed.

_____
Rebeca Navarro-McKelvey, J.

Thomas C. Clark, II., C.J., and
John P. Torbitzky, J., concur.

7